NORA C. TODD, CONWAY L. TODD, AND A. RICHARD TODD, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF LIBANUS M. TODD, LATE OF THE CITY OF ROCHESTER, MONROE COUNTY, NEW YORK, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 76108. Promulgated July 31, 1935.

*Clarence P. Moser, Esq.*, for the petitioners.
*O. W. Swecker, Esq.*, for the respondent.

OPINION.

SEAWELL: Under the Revenue Act of 1928, section 161 (b), it is provided in reference to the income of a trust:

(b) *Computation and payment.*—The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor). * * *

Sections 166 and 167, referred to, are as follows:

SEC. 166. REVOCABLE TRUSTS.

Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (n), relating to the so-called "charitable contribution" deduction), such part of the income of the trust shall be included in computing the net income of the grantor.

These sections of the revenue laws have been so frequently considered by the Board and the courts that there would appear to be few new questions of law for interpretation. In this proceeding only a rather unusual question of fact is presented. When the fact is correctly analyzed and applied to the named statutes, a proper result should be fairly obtained, and the question involved herein correctly answered with small difficulty. The sole question has to do with the place and meaning of the exception found in paragraph eleventh of the trust instrument set out in the findings of fact. The grantor of the trust in the first part of paragraph eleventh made certain reservations of power to himself, which upon analysis may be stated as follows: In a general way, (1) "to change or modify the terms and conditions of the trust instrument in any respect or particular, and in any way he may see fit"; and, in a special way, (2) "to change the Beneficiaries, or their shares in the trust fund", and (3) "to terminate the trust by (a) directing that the principal thereof be distributed to the Beneficiaries mentioned in the trust, or (b) to others to be designated by the Donor." After thus stating the powers reserved to himself he added these words: "EXCEPT that the Donor does not reserve the right to revoke the gift made by this Indenture." An exception is defined to be "a clause in a deed by which the lessor excepts something out of that which he granted before by the deed." Bouvier's Law Dictionary. That which is excepted must be a part only; if everything granted is excepted the exception is void. For example, decedent reserved the power to change the instrument. Suppose he had inserted an exception like this: Except I do not reserve the power to change the instrument. The exception would have been void. But if he, after reserving the power to change the beneficiaries, had inserted an exception like this: Except the change of beneficiaries shall not be made in any way which will permit any part of the corpus or income of the trust to revest to the grantor, it would not have been void. This is the sort of exception which the decedent did not make. "The gift" which decedent did not reserve the right to revoke must be understood to mean the corpus of the trust which he had by the "indenture" conveyed to the trustees in trust. Express power to change the beneficiaries was reserved, generally and specifically, and without limitation. Under such powers the decedent could at any time within the taxable year have made himself a beneficiary of the income or even of the corpus of the trust upon dissolution.

In *Kaplan* v. *Commissioner*, 66 Fed. (2d) 401, the court said:

* * * We see no occasion for refinement of construction against the government. We think the statute [section 219 (g), Revenue Act of 1924, same as section 167, Revenue Act of 1928] means that if under any circumstances or contingencies any part of the accumulated income might inure to the benefit of the grantor such portion of the income is taxable to him.

Moreover, under the reserved powers, even if the exception is given the meaning insisted upon by petitioners' counsel, the decedent could have directed the trustees to apply the income of the trust to the payment of premiums upon policies of insurance on the life of the grantor without revoking the gift to the trustees.

It seems evident from any view of the matter that the trust was revocable during the taxable year and the income could have been used for the grantor's benefit. See *Edward E. Bradley*, 27 B. T. A. 280; *Malcolm W. Greenough*, 29 B. T. A. 315; affd., 74 Fed. (2d) 25.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

BLACK AND TRAMMELL dissent.